IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:12cr57-MHT |
| | ) | (WO) |
| VONECIA ORUM | ) | |

OPINION AND ORDER

Defendant Vonecia Orum has been charged in a 28-count indictment with conspiracy to defraud the United States and aiding the filing of a false tax return.

This matter is now before the court on Orum's motion to dismiss the indictment for unreasonable delay. Specifically, Orum challenges pre-indictment delay: the period in which the government was allegedly prepared to bring criminal charges, but instead unreasonably chose to wait. "The speedy trial guarantee of the sixth amendment does not apply to preindictment delay." United States v. Lindstrom, 698 F.2d 1154, 1157 (11th Cir. 1983) (citing United States v. Lovasco, 431 U.S. 783, 788 (1977) and United States v. Marion, 404 U.S. 307, 320 (1971)), but

"the Due Process Clause has a limited role to play in protecting against oppressive [pre-indictment] delay." Lovasco, 431 U.S. at 789.

"[T]he Constitution places a very heavy burden on a defendant to show that pre-indictment delay has offended due process." Stoner v. Graddick, 751 F.2d 1535, 1540 (11th Cir. 1985). In the Eleventh Circuit, for a defendant to obtain dismissal of an indictment based on pre-indictment delay, she must show: "(1) that the delay caused actual prejudice to the conduct of [her] defense, and (2) that the delay was the product of deliberate action by the government designed to gain a tactical advantage." Lindstrom, 698 F.2d at 1157. "Tactical advantage is the touchstone in pre-indictment delay cases." United States v. Wetherald, 636 F.3d 1315, 1324 (11th Cir. 2011).

Orum contends that showing "deliberate action" aimed at obtaining tactical advantage is not necessary; rather, she may succeed with a showing of mere governmental

2

"recklessness" or "gross negligence." Orum cites <u>United States v. Morrison</u>, 518 F. Supp. 917, 919 (S.D.N.Y. 1981) (Duffy, J.) (dismissing indictment because of government's "grossly negligent" pre-indictment delay) for support. But, "[u]nder the standard ... used consistently in this circuit, to prevail on a due process claim, the defendant[s] must show that ... the prosecution <u>deliberately</u> caused the delay to gain any tactical advantage." <u>United States v. Benson</u>, 846 F.2d 1338, 1342-43 (11th Cir. 1988) (emphasis added; quotation marks and citation omitted); <u>accord</u> <u>Wetherald</u>, 636 F.3d at 1324; <u>see also</u> <u>United States v. Stoll</u>, 2011 WL 939251, at *12 (S.D. Fla. Feb. 16, 2011) (Seltzer, M.J.) ("[T]he 'reckless disregard' test ... has not been adopted--but rejected--by the Eleventh Circuit."), <u>report and recommendation adopted</u>, 2011 WL 765949 (S.D. Fla. Feb. 25, 2011) (Cohn, J.).

However, "the 'reckless disregard' test does find some support in the law." <u>Stoll</u>, 2011 WL 939251, at *9.

3

In fact, in Lovasco, one of the principal Supreme Court cases in this area, the Court quoted the United States's brief as stating, "'A due process violation might also be made out upon a showing of prosecutorial delay incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense.'" 431 U.S. at 795 n.17 (emphasis added). But, the Court immediately followed that quotation by noting that it had no occasion to decide the issue because there was no evidence of recklessness in that case. Id. The Eleventh Circuit has examined that language in Lovasco and decided to treat it as dicta, rather than binding law. See Benson, 846 F.2d at 1341 n.3 & 1343 n.5; see also Stoll, 2011 WL 939251, at *11 ("[T]he Eleventh Circuit does not attach any precedential value to Lovasco's reference to the suggested 'reckless disregard' test.").

It may be the case that compared to the Eleventh Circuit's current approach, adopting recklessness as the operative standard better promotes the "fundamental conceptions of justice which lie at the base of our civil and political institutions, and ... define the community's sense of fair play and decency," and which are at the heart of the Due Process Clause. Lovasco, 431 U.S. at 790 (quotation marks and citations omitted).[*] But

---

[*] Pre-indictment delay claims under the Due Process Clause have a similar purpose in our judicial system as the doctrine of laches. Laches is an equitable defense that allows a defendant in a civil trial to have the case against him dismissed if he suffered prejudice as a result of the plaintiff's unreasonable delay in bringing the lawsuit. See, e.g., Chirco v. Crosswinds Communities, Inc., 474 F.3d 227, 231 (6th Cir. 2007). Laches promotes "the desire to avoid unfairness that can result from the prosecution of stale [civil] claims." Goodman v. McDonnell Douglas Corp., 606 F.2d 800, 805 (8th Cir. 1979). Similarly, the Due Process Clause "has a limited role to play in protecting against oppressive delay" that results in "overly stale criminal charges." Lovasco, 431 U.S. at 789 (quotation marks and citations omitted). But, it has long been the case that laches can be asserted where gross negligence or recklessness (and not deliberative conduct) caused the complained-of delay. See, e.g., Chirco, 474 F.3d at 231 ("[L]aches is ... a negligent and unintentional failure to protect one's rights.") (quotation marks and citation omitted);
(continued...)

regardless, "this court is bound by the Eleventh Circuit's decision" and the court declines the invitation to disregard circuit precedent. Ballenger v. Sikorsky Aircraft Corp., 2011 WL 5245209, at *2 (M.D. Ala. Nov. 3, 2011) (Thompson, J.); see also Langston v. Carraway Methodist Hospitals of Alabama, Inc., 840 F. Supp. 854, 864 n.10 (N.D. Ala. 1993) (Nelson, J.) ("The plaintiffs urge the court to adopt the more liberal approach ... used by the Third Circuit Court of Appeals .... That, of course, is not possible. It is the law of the Eleventh Circuit that binds this court and, where there is

---

*(...continued)
Stearns-Roger Mfg. Co. v. Brown, 114 F. 939, 944 (8th Cir. 1902) ("[C]ourts of equity apply the doctrine of laches on the principle that one ought not to be permitted to deny the existence of facts which he has intentionally or recklessly induced another to believe to his prejudice.") (emphasis added); Brown v. Buena Vista Cnty, 95 U.S. 157, 160 (1877) ("[A] court of equity applies the rule of laches according to its own ideas of right and justice. Every case is governed chiefly by its own circumstances. Whether the time the negligence has subsisted is sufficient to make it effectual is a question to be resolved by the sound discretion of the court.") (emphasis added); McKnight v. Taylor, 42 U.S. 161, 167 (1843) ("[A 19-year delay] would seem to have been the result of mere negligence and laches.") (emphasis added).

controlling precedent from the circuit, this court is bound to follow it.") (Nelson, J.).

Turning to Orum's factual allegations, this court observes that she raises only generalized claims of prejudice. She notes that four years have elapsed between most of the conduct charged in the indictment; discovery in this case has been immense and ongoing; and, because of the volume of discovery, she has had difficulty interviewing potential witnesses. Given the "very heavy burden" she must carry, Stoner, 751 F.2d at 1540, such generalized claims of prejudice are insufficient. The court has no indication as to which potential witnesses in particular, or even what sort of witnesses, she has been thwarted in calling. Compare Lindstrom, 698 F.2d at 1158 (holding that defendants adequately showed prejudice by establishing that two witnesses they would have called but for governmental delay had died).

As for governmental culpability, Orum provides entirely no evidence that the government deliberately

delayed bringing this case to obtain tactical advantage. Instead, she essentially contends that a four-year delay (which occurred in this case) is, on its face, reckless. For the reasons discussed above, that argument is insufficient as a matter of law under controlling Eleventh Circuit precedent. Moreover, even if the court were to apply a recklessness standard here, Orum has not sufficiently shown that the government in fact acted with recklessness in her case.

Additionally, to the extent that a deliberative intent to cause prejudice could be inferred from circumstantial evidence, there has not been a sufficient factual showing in this case for the court to make such an inference. See United States v. Davis, 231 F. Supp. 2d 701, 707 (S.D. Ohio 2002) (Rice, J.) ("Defendants must demonstrate, by evidence, not naked argument, that the Government intended to delay for the purpose of gaining an advantage. Defendants argue that the Court can 'infer' ... that the Government delayed to do just that. The Court finds, however, that Defendants failed to

adduce sufficient evidence at the evidentiary hearing to substantiate any such inference.") (citation omitted).

After trial begins, if Orum has specific evidence sufficient to sustain her "very heavy burden," she may raise the issue again with the court. Cf. United States v. Benshop, 138 F.3d 1229, 1234 (8th Cir. 1998) (holding that it would be "both unfair and unwise" to decide that defendants waive pre-indictment delay claims on appeal if they assert the argument early in proceedings while failing to reassert it at the end of trial). But for now, it is clear that Orum has not shown cause for dismissal.

***

Accordingly, for the foregoing reason, it is ORDERED that defendant Vonecia Orum's motion to dismiss for pre-indictment delay (Doc. No. 129) is denied.

DONE, this the 2nd day of November, 2012.

    /s/ Myron H. Thompson
  UNITED STATES DISTRICT JUDGE